Vincent Francis McGEE, Jr., Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 886, Docket 72–1505.

United States Court of Appeals,
Second Circuit.

Argued June 7, 1972.

Decided June 12, 1972.

Alan H. Levine, New York City (Leon Friedman, Marvin M. Karpatkin, Michael N. Pollet, and New York Civil Liberties Union, New York City, of counsel), for appellant.

Peter Truebner, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S Atty., S. D. N. Y., and John W. Nields, Jr., Asst. U. S. Atty., of counsel), for appellee.

Before FRIENDLY, Chief Judge, LUMBARD and MULLIGAN, Circuit Judges.

PER CURIAM:

We remanded this case to the district court to ascertain whether the original concurrent two year sentences imposed on appellant as a result of his conviction on three counts of violating the Selective Service Act of 1967, 50 U.S.C. App. § 451 et seq., were improperly influenced by his conviction on what appeared to be a far more serious count, charging that he had refused to submit to induction, which was subsequently determined to have been illegally brought. See 462 F. 2d 243 (1972). In our previously opinion we indicated that to remove doubt as to the integrity of appellant's sentences on the valid counts, "the trial judge should either have reduced the sentences . . . or have given at least a summary explanation of his reasons for declining to do so." *Id.* at 247. On remand, the judge chose the

latter course and has now stated his reasons for not reducing the concurrent two year sentences originally imposed on the three valid counts. Agreeing with counsel for appellant that a statement of reasons may be so perfunctory or otherwise inadequate as to amount to a failure to provide a reasoned explanation, we are unable to find such to have been the case here and are now satisfied as to the independent integrity of the sentences imposed on the three valid counts. Since the sentencing judge has broad discretion within the statutory limits, it is not sufficient for reversal that we do not find the reasons for imposing two years' imprisonment on a defendant with a concededly valid conscientious objection claim to be particularly persuasive.[1]

The Government's motion to dismiss this appeal is denied and the district court's denial of the Rule 35 motion to reduce sentence is affirmed.

---

1. Counsel has informed us that McGee was released on parole on June 1.